NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIECZYSLAWA PACHOLEC, individually and on behalf of a class of similarly situated persons, | Civil Action No. 06-cv-827 (PGS) |
| Plaintiffs | |
| v. | OPINION |
| HOME DEPOT USA, INC. | |
| Defendant. | |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court by virtue of defendant's motion to dismiss the plaintiff's Complaint for failure to state a claim under the New Jersey Consumer Fraud Act (NJCFA) and unconscionability under the Uniform Commercial Code (U.C.C.), and to dismiss plaintiff's consumer fraud claim for failure to comply with the heightened pleading requirements of Rule 9(b).

I.

Plaintiff, Mieczyslaw Pacholec, rented tools from defendant, Home Depot, at its store in Vauxhall, New Jersey. In the course of renting certain equipment, the plaintiff was provided with a contract that consisted of a Rental Agreement and Terms and Conditions. In the Rental Agreement, Home Depot includes a charge equal to 10% of the rental cost for insurance which indemnifies against damages that may occur to the equipment during the rental period. A customer may waive the insurance (hereinafter referred to as the "damage waiver").

According to the plaintiff, the damage waiver offers little, if any, coverage. The insurance

purports to "relieve [the customer] of liability for accidental damage to [the rented equipment], but not for any losses or damages due to theft, burglary, misuse or abuse, theft by conversion, intentional damage, disappearance or any loss due to [the customer's] failure to care properly for such Equipment in a prudent manner..."

Plaintiff alleges that Home Depot fails to identify or otherwise state to the customer that the customer may waive the insurance. The plaintiff contends that the fee is automatically included, in a manner to appear as if mandatory, and removed only upon specific request of the customer. Plaintiff claims that the sales practice at issue amounts to a "negative option." Under this practice, as alleged, the optional item is made part of the contract and charged to the customer unless it is specifically rejected.[1]

To state a claim under NJCFA, a plaintiff must allege that the defendant engaged in an unlawful practice and caused an ascertainable loss to the plaintiff. *Cox v. Sears Roebuck & Co.*, 138 N.J.2, 17-23 (1994). An "unlawful practice" includes, but is not limited to, unconscionable commercial practices and fraud. *N.J.S.A.* 56:8-2. There are three general categories of unlawful practices: affirmative acts, knowing omissions, and violations of regulations promulgated under the Act. *Cox*, 138 N.J. at 17. The burden of proof differs depending on how the unlawful practice is classified. *Compare, Fenwick v. Kay Am. Jeep, Inc.*, 72 N.J. 372, 378, (1977) with *Cox*, 138 N.J. at 18. *See also, Szczubelek v. Cendant Mortgage Corp.*, 215 F.R.D. 107, 125-26 (D.N.J.2003). The crux of plaintiff's allegation concerns the "negative option" in the rental agreement. The negative

---

[1] Defendant argues in reply that a "negative option scheme is one in which a company sends a consumer, either through the mail, telemarketing, email, or some other form of communication that is not face-to-face, a notice that they will be billed for a product of service unless that consumer returns the product or affirmatively contacts the company and requests that the company not send the product or enroll them in the service."

option according to plaintiff constitutes an alleged unconscionable commercial practice which could have been avoided by verbally alerting the customer of the option to decline the coverage. That is, if plaintiff were aware of his option to decline the damage waiver, he would have done so, saving 10% of the rental cost. Due to Home Depot's method of framing and explaining the contract to him, plaintiff was led to believe that the fee was required, causing him to sustain an ascertainable loss.

III.

Like a claim of common law fraud, a claim under the New Jersey Consumer Fraud Act must satisfy the specificity requirement of Fed.R.Civ.P. 9(b). See *Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F.Supp.2d 494, 510 (D.N.J.2000) (finding that plaintiff's claim under the New Jersey Consumer Fraud Act was subject to Rule 9(b)'s particularity requirement); see also, *FDIC v. Bathgate*, 1993 WL 661961, at *2 (D.N.J. July 19, 1993), aff'd, 27 F.3d 850 (3d Cir.1994). With respect to class action claims, such as the case here, "less specificity is required when the complaint presents the claims of a [proposed] class and individual identification of the circumstances of the fraud as to each class member would require voluminous pleadings." *In re the Prudential Ins. Co.*, 975 F.Supp. 584 at 596-97 (quoting *Alfaro v. E.F. Hutton & Co., Inc.*, 606 F.Supp. 1100, 1108 (E.D.Pa.1985)). However, an individually named plaintiff must satisfy Rule 9(b) independently. *Id.* at 597. The Complaint should therefore contain "sufficient detail as to [a named plaintiff's] claims to apprise [a defendant] of that plaintiff's exact grounds for relief and the specific conduct that plaintiff charges." *Id.*; See *Szczubelek*, 2001 WL 34875217 (D.N.J. 2001).

To satisfy the specificity requirement of Fed.R.Civ.P. 9(b) the pleadings must state what was said, when, by whom, and how Home Depot's conduct led plaintiff to believe that the damage waiver charge was mandatory. From the court's review of the Complaint, plaintiff fails to satisfy this requirement. Plaintiff fails to allege any specifics regarding his own transaction including what

was or was not said to him regarding the damage waiver or the scope of protection afforded by the damage waiver. Plaintiff does not aver at what point he was provided with the Terms and Conditions page to review or at what point he signed the Rental Agreement and initialed the Special Terms and Conditions section of that Agreement. Plaintiff acknowledges in his responding papers that his Complaint was "perhaps not as artful as it should have been." Because Mr. Pacholec must satisfy Rule 9(b) independently, the pleadings here fail to satisfy the basic requirements of a Complaint based in fraud. Fraud claims must specify "'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir.1999) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990)). While the who and where are adequately identified, no where in the Complaint does the plaintiff state when the alleged fraud occurred, and the "what" and "how" are vague and ill-defined. The pleadings lack the required specificity of an individually named plaintiff. Accordingly, plaintiff has 20 days to file an Amended Complaint to satisfy Fed.R.Civ.P. 9(b).

IV.

Home Depot asserts that the economic loss doctrine bars the plaintiff's NJCFA claim. The economic loss doctrine prohibits plaintiffs from recovering in tort economic losses to which they are entitled only by contract. *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 310 (2002). New Jersey courts have struggled with the viability of fraud claims to recover for purely economic loss. *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F.Supp.2d 557, 562 (D.N.J. 2002). While New Jersey federal and state decisions have held that fraud claims may co-exist with a contract-based cause of action, there is a "conceptual distinction between a misrepresentation of a statement of intent at the time of contracting, which then induces detrimental reliance on the part of the promisee, and the subsequent failure of the promisor to do what he has promised." *LoBosco v. Kure Eng'g Ltd.*,

891 F.Supp. 1020, 1032 (D.N.J.1995). Thus, courts in this district, as well as state decisions, have permitted fraud claims to proceed with a breach of contract when the claims arise out of fraud in the inducement or pre-contractual misrepresentations. *Bracco*, 226 F.Supp.2d at 563. The "critical issue" is whether the conduct is "extraneous to the contract." *Bracco* at 563. A mere "subsequent failure of the promisor to do what he has promised," is not recoverable in tort. *Id.* The application of this standard at the state level is not so clear. In fact, the Third Circuit and a recent District Court opinion stated that "while some New Jersey District Courts have followed this principle, New Jersey state courts have not agreed." *Kirtley v. Wadekar*, 2006 WL 2482939 (D.N.J.)(citing *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 144 (3d Cir. 2001).

However, the Court need not delve into this "morass," as referred to by the Third Circuit, as even if the Court were to apply economic loss doctrine, the facts presented give rise, at the very most, to fraud in the inducement or pre-contractual representations, which would permit a consumer fraud claim to co-exist with allegations based in contract. *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130 at 144. Therefore, the economic loss doctrine does not bar this case.

V.

Home Depot moves to dismiss Plaintiff's unconscionable conduct claim based on plaintiff's failure to satisfy the procedural and substantive prongs to determine same. Home Depot argues that under New Jersey law, "unconscionability is a question of law to be determined by the court." *Fleming Cos., Inc., Fleming Companies, Inc. v. Thriftway Medford Lakes, Inc.*, 913 F.Supp. 837, 845 (D.N.J. 1995)(citing *Monsanto Co. v. Alden Leeds, Inc.*, 130 N.J. Super. 245, 253, 326 A.2d 90 (Law. Div. 1974)). This is partially correct. However, Home Depot fails to consider the rest of the statute where it is stated that "[b]efore making a finding of unconscionability...the court...shall afford the parties a reasonable opportunity to present evidence as to the setting, purpose, and effect of the lease contract or clause thereof, or of the conduct." *N.J.S.A.* 12A:2A-108. In light of this statutory

mandate, Home Depot's motion is denied without prejudice.

VI.

Lastly, Home Depot asserts the voluntary payment doctrine as a bar to plaintiff's claims. The age old rule, commonly known as the "volunteer rule," provides that "where a party, without mistake of fact, or fraud, duress or extortion, voluntarily pays money on a demand which is not enforceable [sic] against him, he cannot recover it back." *Matter of New Jersey State Bd. of Dentistry*, 84 N.J. 582, 423 A.2d 640 (1980)(citing *City of Camden v. Green*, 54 N.J.L. 591, 593, 25 A. 357 (E & A 1892); *Shoemaker v. Board of Health of Gloucester City*, 83 N.J.L. 425, 426-427, 85 A. 312 (Sup. Ct. 1912); *Restatement of Restitution* §75(1)(b) (1937)). Where, however, a plaintiff alleges fraud in connection with the payment, the volunteer rule would have no applicability. *Hochman v. Zigler's Inc.*, 139 N.J. Eq. 139, 142 (Ch. Div. 1946). The allegations of fraud in the Complaint trump application of the volunteer rule.

VII.

The Court finds that plaintiff has failed to plead fraud with the specificity and particularity required under Rule 9(b) and will, therefore, dismiss plaintiff's Complaint without prejudice and with leave to amend within 20 days.

September 25, 2006

PETER G. SHERIDAN, U.S.D.J.